**UNITED STATES COURT OF APPEALS**

May 30, 2013

**TENTH CIRCUIT**

RICHARD ALLEN TUCKER,

          Petitioner - Appellant,

v.

EDDIE WILSON, Wyoming
Department of Corrections State
Penitentiary Warden; GREGORY A.
PHILLIPS, Wyoming Attorney
General,

          Respondents - Appellees.

No. 13-8013
(D.C. No. 2:12-CV-00250-ABJ)
(D. Wyoming)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Applicant Richard Allen Tucker, a Wyoming state prisoner proceeding pro

se, seeks a certificate of appealability (COA) to appeal the denial by the United

States District Court for the District of Wyoming of his application for relief

under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal

denial of § 2254 application). We deny a COA and dismiss the appeal.

**I.  BACKGROUND**

On the night of December 20, 2008, Applicant, his girlfriend, and his

girlfriend's son left a bar, got into Applicant's truck, and drove away. Less than

10 minutes later, the truck veered off the road, flipped over, and crashed into a tree, killing Applicant's girlfriend and her son. The state charged Applicant with two counts of aggravated homicide by vehicle. At trial the state argued that Applicant, who was drunk, was driving the truck when it crashed. Applicant maintained that he was asleep in the backseat. The jury found Applicant guilty on both counts.

On direct appeal Applicant argued that (1) the trial court improperly admitted expert testimony by a law-enforcement officer who had not been qualified as an expert, (2) there was insufficient evidence of guilt, and (3) the trial court violated his constitutional rights by sentencing him to consecutive, instead of concurrent, sentences for each count of aggravated homicide. The Wyoming Supreme Court affirmed the conviction, *see Tucker v. Wyoming*, 245 P.3d 301 (Wyo. 2010), and Applicant unsuccessfully sought postconviction relief in state court.

Applicant then filed a § 2254 application in federal district court, raising the following arguments: (1) the prosecution presented an "inaccurate time-line" at trial to support its theory that Applicant was driving the vehicle at the time of the accident, R., Vol. 1 at 46; (2) the prosecution untimely disclosed DNA evidence, the evidence was inaccurate, and defense counsel did not conduct an independent DNA test; (3) the prosecution made false statements to the jury and presented "false testimony," *id.* at 62; (4) defense counsel failed to conduct a

proper investigation and call expert or lay witnesses to testify on his behalf; (5) the state trooper who investigated the crash provided expert testimony even though he was not qualified as an expert; (6) the trial court admitted into evidence inflammatory, gruesome photographs of the accident and irrelevant testimony about the location of the victims' bodies; (7) the trial court unconstitutionally imposed consecutive rather than concurrent sentences; and (8) trial and appellate counsel were ineffective in failing to raise his issues at trial and on appeal. Ruling that Applicant's claims were procedurally barred, the district court dismissed the petition and denied a COA.

Applicant appeals, raising the same arguments. We examine them in turn, addressing them on the merits because the procedural questions are "problematic" and the substantive claims "can be disposed of readily." *Cannon v. Mullin*, 383 F.3d 1152, 1159 (10th Cir. 2004).

## II.   DISCUSSION

### A.   Standard of Review

We construe Applicant's pleadings liberally because he proceeds pro se. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in

a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation

-4-

marks omitted). Thus, a federal court may not grant habeas relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. Moreover, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

## B. The Merits

### 1. Inaccurate Timeline, DNA Evidence, and False Statements and Testimony

Reasonable jurists would not debate the denial of Defendant's first three claims because he makes no showing of how he was prejudiced or what specific errors occurred. First, although he asserts that "discrepancies in the time line" presented by the state undermined its theory that he was the driver, Aplt. Br. at 8, he does not articulate what the inaccuracies were. Second, he has not explained how the timing of the state's disclosure of DNA evidence prejudiced his defense, how that evidence was misleading or inaccurate, or why a second DNA test (unlike the first) would have exculpated him. And third, he has not identified any specific false statements or testimony.

### 2. Failure to Call Defense Experts and Other Witnesses

Applicant asserts that his counsel was ineffective because he failed to call an accident-reconstruction specialist and a blood-splatter expert to testify in

support of his defense that he was not driving the truck when it crashed.  And he argues that defense counsel should have called other lay witnesses—the doctors who measured his blood-alcohol level, the emergency workers at the accident scene, and the owner of the bar where he had been drinking—who would have testified that Applicant was not the driver.

To establish a claim of ineffective assistance of counsel, Applicant first had the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), by demonstrating that his counsel's performance fell below "an objective standard of reasonableness," *id.* at 688. Second, Applicant had to demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  We may consider the performance and prejudice prongs in either order; and if Applicant fails to meet his burden on one prong, we need not consider the other.  *See id.* at 697.

Defendant clearly fails on the prejudice prong because he has made no showing (only bald assertions) that the testimony of any of these witnesses would have assisted him.

### 3.    Admission of Expert Testimony by Lay Witness

Applicant challenges the admission of testimony by the state trooper who investigated the accident that Applicant's girlfriend and her son were in the

truck's passenger seats when it crashed. But the Wyoming Supreme Court ruled that admission of the testimony was harmless error. *See Tucker*, 245 P.3d at 309. No reasonable jurist would debate that the state court's ruling was contrary to or an unreasonable application of federal law.

### 4. Inflammatory Photographs and Testimony

Applicant challenges the admission of "gruesome, inflammatory and confusing" photographs depicting the accident and the victims' bodies, which had been ejected from the truck by the force of the crash. Aplt. Br. at 25. He also challenges as irrelevant the state trooper's testimony about the location of the bodies.

Rejecting Applicant's petition for postconviction relief, the state trial court wrote:

> [T]he photographs in this case were relevant: to prove who was driving that night; to corroborate the testimony of witnesses who saw where the victims were located that night when Petitioner drove away from the bar; to corroborate the testimony of the witness who was the first person on the scene with that of law enforcement officers as to where the victims were located at the scene; to compare the victims' injuries to Petitioner's injuries as to prove who was driving; and, to assist the jury with understanding the coroner's testimony regarding the identity of the victims and their causes of death. Petitioner provides no evidence suggesting that the photographs were admitted for any improper or prejudicial purpose. Petitioner's counsel used the photographs to cross-examine witnesses regarding who was driving that night.
>
> This Court finds that the photographs offered during trial were relevant and they: did not arouse the jury's emotions, hostility, or sympathy; did not create a side issue that unduly distracted the jury

from the main issues; did not consume an undue amount of time; and, Petitioner was not unfairly surprised and unprepared to meet the admission of the photographs. Therefore, not only were the photographs relevant, but their probative value was not substantially outweighed by the danger of unfair prejudice.

R., Vol. 1 at 24–25 (citation omitted). The Wyoming Supreme Court denied review. No reasonable jurist would debate that the state court's ruling was contrary to or an unreasonable application of federal law. Nor can we perceive any possible impropriety in the testimony about the location of the bodies.

### 5. Consecutive Sentences

Applicant challenges the state court's imposition of consecutive sentences as subjecting him to double jeopardy and cruel and unusual punishment because the sentences were based on two deaths from a single accident. But he cites no authority supporting his claim that the sentence was unconstitutionally harsh. And no reasonable jurist would dispute the Wyoming Supreme Court's holding that the consecutive sentences did not subject Applicant to double jeopardy because "the aggravated vehicular homicide statute includes as many separate offenses as there are individuals affected by the defendant's conduct." *Tucker*, 245 P.3d at 313.

### 6. Ineffective Assistance of Trial and Appellate Counsel

Applicant argues that ineffective assistance by his trial and appellate counsel prevented him from raising various meritorious claims on appeal. But this argument clearly lacks merit because we have held that the underlying issues

are meritless.  *See Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) ("[I]n analyzing an appellate ineffectiveness claim based upon the failure to raise an issue on appeal, we look to the merits of the omitted issue . . . .  [I]f the issue is meritless, its omission will not constitute deficient performance." (internal quotation marks omitted)).  Applicant contends that appellate counsel should have filed a motion to remand for an evidentiary hearing or moved for a continuance after replacing previous counsel late in the appellate proceedings.  But he does not explain what new facts should have been developed or how the late replacement rendered appellate counsel's representation defective.

## III.    CONCLUSION

We DENY a COA and DISMISS the appeal.  We DENY Applicant's motion to proceed *in forma pauperis* (IFP) as moot because the district court has already granted him IFP relief.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge